## THE WASHINGTON ICE COMPANY

*v.*

## FRANK E. BRADLEY, Admr.

*Opinion filed February 14, 1898.*

1. EVIDENCE—*fact that eye-witnesses differ in their descriptions is not a discrediting circumstance.*    That eye-witnesses of an unexpected accident, horrifying in its nature, vary somewhat in their respective versions of the occurrence in testifying in a subsequent suit, is not a discrediting circumstance.

2. INSTRUCTIONS—*instructions should be confined to the issues and to the evidence.*    An instruction is properly refused which presents an issue to the jury not raised by the pleadings and not necessarily following from the evidence.

3. TRIAL—*admission of evidence in rebuttal rests with trial court.*    The admission of evidence in rebuttal is always a matter resting in the discretion of the trial judge, and such discretion is not reviewable in the absence of gross abuse.

*Washington Ice Co.* v. *Bradley,* 70 Ill. App. 313, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county;  the Hon. ABNER SMITH, Judge, presiding.

This was an action brought by appellee, as administrator of the estate of Mary Moriarity, deceased, to recover damages resulting from the death of said deceased, caused, it was alleged, by injuries received from one of appellant's ice wagons, in the month of November, 1893.

On November 11, 1893, the servants of the ice company delivering ice in the neighborhood of Cottage Grove avenue and Thirty-second street, in the city of Chicago, left the team, headed north, in front of No. 3210 Cottage Grove avenue and carried ice into a saloon at that number, leaving the horses unhitched. There was a city ordinance then in force prohibiting the leaving of horses attached to wagons in any street of the city without securely "fastening" such horses. The ordinance did not undertake to define the meaning of the word used, or say what should constitute a secure fastening. One of its sections, however, provides that the owner of each building in front of which there should be a sidewalk, should provide, and securely fasten in the sidewalk, an iron ring of a specified diameter and thickness, or erect a suitable post for hitching, in every twenty-five feet of such sidewalk. There were no iron rings or posts in the sidewalk at or near the point where the team was left, or between it and the corner. On leaving the wagon, there being no rings or hitching-posts in sight, the driver and his helper hooked up the lines to two rings in the back of the wagon, so as to keep the horses from going ahead. When lines are hooked up in this way the horses can pull the wagon only by the reins. This was the customary way of hooking them up, and was the only means provided by the ice company for "securely fastening" the horses. During the few minutes while the men were delivering the ice at No. 3210 the horses started up and went north on Cottage Grove avenue, turning west at the corner of Thirty-second street, and the deceased was about to step onto the sidewalk at the corner, when, as is claimed by appellee but denied by appellant, she was struck by the team and injured. She died the same day. She was between forty-four and forty-five years of age, and left a husband, but no children, surviving her.

On a trial before a jury a verdict was returned for $5000. The court entered judgment on the verdict, and

on an appeal to the Appellate Court the judgment was affirmed. For the purpose of reversing the judgment of the Appellate Court defendant appealed to this court.

ULLMANN & HACKER, for appellant.

WILLIAM ELMORE FOSTER, for appellee.

Per CURIAM: Two grounds are relied upon to reverse the judgment of the Appellate Court: First, that the court erred in refusing the third instruction asked by appellant; and second, the court erred in allowing rebuttal evidence as to marks upon the body of the deceased. These questions were raised and fully considered in the Appellate Court, and after a careful consideration of the brief and argument of counsel we are satisfied the Appellate Court decided the questions correctly. The following opinion of the Appellate Court by SHEPARD, P. J., is approved and adopted and the judgment affirmed:

"In an action brought by the administrator of the estate of the deceased woman, to recover damages for her death, a verdict of $5000 was recovered. Upon this appeal no question is made as to the damages being excessive. The only errors that are argued are, that the verdict was against the weight of the evidence, that a certain instruction asked by appellant was refused, and that rebuttal evidence was allowed as to marks upon the body of the deceased.

"We cannot, with due regard to the law that it is the province of a jury to determine questions of fact upon conflicting evidence, yield to the plausible argument of appellant's counsel that the woman's death was due to natural causes, and not to the application of force, as charged in the declaration. We might conjecture that her death was the result of some sudden attack, with which appellant had nothing to do; but it would be mere surmise, and there being positive evidence tending to support the action as alleged, we should not interfere

with the verdict. The circumstance that the witnesses for appellee varied in their versions of the occurrence tends to corroborate their truthfulness, rather than to discredit them. It is a common observation that eye-witnesses to the whole or a part of an accident that occurs unexpectedly and is in a considerable degree horrifying in its nature, testify to or otherwise relate what they saw at considerable variance with one another; and yet it has never been held that because they did so they were unreliable or partial persons.

"The second argued error is, that the court refused to charge the jury 'that if they believed, from the evidence, that the defendant's ice wagon did not run over the deceased they will find the defendant not guilty; and in this connection they are also instructed that the burden of proof is upon the plaintiff to show, by a preponderance of evidence, that her death was the result of injuries caused by her being run over by the defendant's ice wagon.' The instruction was properly refused. It presented to the jury an issue not raised by the pleadings and not necessarily following from the evidence. There does not appear to have been, either in the original or amended declaration, any count that the wagon ran over the deceased. The first one of the two original counts abstracted by appellee charged that 'said horses hauling the said wagon, as aforesaid, * * * struck with great force and violence * * * upon and against the said Mary Moriarity,' etc., and the second charged that 'said horses attached to said wagon * * * struck upon and against the said Mary Moriarity,' etc. The amended declaration, as abstracted by appellant, charged that 'the horses * * * started up and said wagon struck upon and against the said Mary Moriarity,' etc. But such do not amount to a charge that she was run over by the wagon. There was evidence tending to show that the deceased was first struck by the horses, and that while in a stooping position from such collision she was struck by a por- .

tion of the front wheel of the wagon and knocked down and run over.

"The counts in the declaration not alleging that the wagon ran over the deceased, it was not necessary to a recovery to prove that it did, nor was it necessary that the jury should look only to the evidence that it did so in order to determine whether the appellant was guilty as charged in the declaration. It was enough if the jury believed, from all the evidence, that the woman's death was the result of being struck by either the horses or the wagon. One of appellant's witnesses testified that when he first looked, after hearing her scream, her leg was in a hole in the pavement between the team and the sidewalk—about midway between the front and hind wheels of the wagon—and that the wagon did not run over her. The clear inference from that testimony is, that before the witness saw the woman the horses and front part of the wagon had passed her, and it was left to the jury, if they so believed from all the evidence, including the appearance of the dead woman's body, to find that she had been struck by either the horses or the front wheel, and not run over by the wagon. They were at liberty to find from a part of the evidence that the deceased was struck by either the horses or the wagon, and from other evidence that she was not run over and that her death was caused as charged.

"The third and last argued error is the admission of evidence in rebuttal that was properly a part of the main case. The admission of evidence in rebuttal is always a matter resting in the discretion of the trial judge, and is not subject to review except in cases of gross abuse. Thompson on Trials, sec. 346; *McGowan* v. *Chicago and Northwestern Railway Co.* 91 Wis. 147.

"The judgment will be affirmed."

                                        *Judgment affirmed.*